# In the United States Court of Federal Claims

(Pro Se)
No. 19-1937C
(Filed: January 14, 2020 | Not for Publication)

| | | |
|---|---|---|
| ROBERT NEVILLE, MD | ) | Keywords: Pro Se; Subject-Matter Jurisdiction; Sua Sponte; Judicial Misconduct |
| Plaintiff, | ) | |
| v. | ) | |
| J. RANDAL HALL, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

**KAPLAN, Judge.**

Plaintiff Robert Neville, MD, appearing pro se, filed his complaint in this court on December 18, 2019, Docket No. 1, along with an application to proceed in forma pauperis, Docket No. 4. Dr. Neville seeks damages in the amount of $1.3 million for the "misconduct" of Chief Judge J. Randal Hall of the United States District Court for the Southern District of Georgia, who presided over a case brought by Dr. Neville. Compl. at 1.

**I.   Dr. Neville's Motion to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."[1] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security and still provide for himself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff") (internal quotation and citations omitted).

Dr. Neville states in his application that he currently has "$760" dollars in cash or in a checking or savings account. Pl.'s Appl. To Proceed In Forma Pauperis at 2. Dr. Neville has also

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

7018 1830 0001 4963 6496

listed $210 in monthly expenses and $160,000 in student loans. Id. He is currently unemployed and receives $751 monthly in supplemental security income benefits. Id. at 1–2. Under these circumstances, Dr. Neville has sufficiently demonstrated that he is unable to pay the court's filing fee. His application to proceed in forma pauperis is therefore **GRANTED**.

## II.     Subject-Matter Jurisdiction

It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013). Furthermore, the Court has an independent obligation to satisfy itself of its jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having reviewed the complaint, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Dr. Neville brings this suit against the chief judge of a United States district court, but the United States is the only proper defendant in the Court of Federal Claims. See United States v. Sherwood, 312 U.S. 584, 588 (1941). Any allegations of misconduct against the judicial officer named in Dr. Neville's complaint must be filed with the clerk's office of the United States Court of Appeals for the Eleventh Circuit, not in the Court of Federal Claims. See 28 U.S.C. § 351(a). Therefore, Dr. Neville's claim must be **DISMISSED**.

For the foregoing reasons, Dr. Neville's application to proceed in forma pauperis is **GRANTED**, but his complaint is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge